# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

## NO. 03-07-00025-CV

**Texas Citizens for a Safe Future and Clean Water and Mr. James G. Popp, Appellants**

**v.**

**Railroad Commission of Texas and Pioneer Exploration, Ltd., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-06-001303, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## CONCURRING OPINION

On motion for rehearing and reconsideration en banc, the Commission and a number of amicus curiae argue ardently that the Court's opinion runs counter to principles of statutory construction as well as the Commission's longstanding interpretation of section 27.051(b)(1). They predict unwanted consequences not only in the Commission's permitting process, but also at other agencies charged with considering the "public interest." The crux of the argument is that the undefined term "public interest" in section 27.051(b)(1) should not be construed too broadly, but limited in some fashion to exclude certain types of considerations that might, in a general sense, be viewed as public interest concerns. More specifically, they argue that the term cannot include, in this

context, the consideration by the Commission of the impact of traffic-related issues in the determination of whether to grant an injection well permit.

As an initial matter, it is difficult for me to derive precisely what the Commission or the amicus curiae think the parameters of "public interest" in section 27.051(b)(1) should be. Sometimes it is argued that it must be tied to the Commission's statutory charge to conserve oil and gas and prevent the waste of oil and gas. Sometimes it is argued that it should be tied to the protection of water quality, the stated purpose of chapter 27 of the water code governing injection wells. *See* Tex. Water Code Ann. § 27.003 (West Supp. 2007). Even if tied to one of these standards, it is not at all clear to me what the parties are proposing the scope of "public interest" will be in practice. What is clear is that they all think the phrase should not include any traffic-related considerations under the theory that the public's interest in the conservation and production of oil and gas or the protection of water quality does not and will not ever implicate traffic-related issues. Although I appreciate the concern being expressed by these parties, I have difficulty with their position.

A fundamental problem is that even if you posit that "public interest" in section 27.051(b) is supposed to be tied to the Commission's charge to conserve oil and gas and regulate the production of oil and gas (which it is, of course, by virtue of the statutory limits on what the Commission can do), this does not necessarily imply that the Commission must carry out its charge without considering the impact of its actions on issues of "public interest" that are affected by, but are not themselves, what the Commission considers related to the conservation or production of oil and gas. Does the "public interest" in the conservation and production of oil and gas include an

2

interest in conserving and producing oil and gas *safely*? Does the "public interest" in the conservation and production of oil and gas include an interest in conserving and producing oil and gas in a manner *consistent with public health and welfare*? It seems to me that it must. It also seems to me that this could implicate traffic-related issues with respect to a proposed well site in certain cases. I do not think that we can look at the use of the term "public interest" in section 27.051 and conclude that the term cannot include consideration of traffic-related issues, and therefore that such issues cannot be considered by the Commission when deciding whether to grant or deny a permit.

To say that "public interest" in section 27.051 must be limited in some fashion to the expertise of the Commission and the Commission's charge of regulating the conservation and production of oil and gas does not answer the question of whether some particular issue is within the public's interest with respect to the conservation and production of oil and gas. It begs the question. It strikes me as improbable that the legislature intended the Commission to consider only the merits of subsurface conditions or the value of having another injection well divorced from considerations of where that well is located and its potential impact on other aspects of our economy or the environment. Deciding whether a new injection well is a good idea includes the notion of deciding whether it is a good idea in the location proposed. This may, under certain circumstances, implicate traffic-related issues and the impact an injection well in the proposed location will have on those issues. Consequently, I do not see the Court's opinion as expanding the role of the Commission, the power of the Commission, or the scope of its authority under the permitting statutes at all. The Commission must take into account the "public interest" in allowing a particular injection well in question whenever a permit is sought. If the Commission is of the view that it is not in the "public

3

interest" to have that particular well in that particular location, it may consider that in deciding to grant or deny the permit.

Another problem is that the term "public interest" in section 27.051(b) is not defined or limited in any way other than the implicit limit placed on the Commission's authority to act.[1] The Commission argues that since other portions of section 27.051 include more specific items with respect to what the Texas Commission on Environmental Quality should consider when it grants or denies permits for hazardous waste injection wells, we should read the portions relating to the Railroad Commission as excluding those items for injection wells within its purview. However, I do not see anything in the statute or the legislative history of the statute that suggests we should construe the statute in such a fashion. The term "public interest" appears in section 27.051(b) without any limiting language or any other language that would reflect an intent by the legislature to limit the meaning of the term in the context of granting or denying an injection well permit. There is no statutory basis to say that "public interest" here includes the public's interest in having another injection well, but excludes the public's interest in having that injection well in the location proposed for reasons other than subsurface conditions.

---

[1] I recognize that there can be legitimate debate as to what a very general term such as "public interest" means or includes in its entirety. However, the court has not been called upon to address that question in this case and has not attempted to do so. The issue here is "Can the Commission consider traffic-related issues when deciding to grant or deny an injection well permit or is it barred from doing so by its statutory mandate to regulate the conservation and production of oil and gas?" In essence, the court's answer is "Yes, the Commission can consider such issues because they may bear on the advisability of granting a particular permit. The Commission is not barred, based on an interpretation of the term 'public interest,' from taking such issues into consideration."

Consider an example of a proposed injection well at a site that, when originally drilled, was miles from any population area and accessed by a little used county road. Now it is 100 feet from a little league baseball field and accessed by a residential, neighborhood street that is not a throughway. I wonder if the Commission were faced with an application for an injection well permit that proposed putting an otherwise very sensible injection well site (from a purely subsurface standpoint) in such a location, the Commission would not consider that perhaps using that well site as an injection well might not be in the public interest unless there were appropriate accommodations for the proximity to the little league baseball field and access to the site. I certainly suspect the Commission would consider the proposed location (from a surface standpoint) in its consideration of the permit. As I read the statute, the statutory basis for such a consideration would be the power to consider the public's interest. It would certainly strike me as odd for the Commission to allow such a permit without any consideration of new surface features under the theory that its hands are tied by the statute and it is not allowed to consider those sorts of things as a part of "public interest."

It appears to me that the term "public interest" could have been included in the statute without definition or elaboration for a legitimate reason. It could well have been intended to be broad enough to allow the Commission to address the myriad possible circumstances that might be presented in an injection well permit application, and to allow the Commission to consider *all* of the considerations that might impact the "public interest" in having the injection well. This does not mean that the Commission must take any particular action with respect to the public interest component of its charge, or consider such public interest outside the context of its duty to regulate oil and gas conservation and production. The Commission is charged with considering the "public

5

interest" in granting or denying an injection well permit and may give public interest considerations the weight it considers appropriate within its statutory grant of authority. However, it does mean that the Commission should not, without additional statutory guidance, refuse to even entertain particular aspects of the public's interest in having the injection well at issue—such as relevant traffic-related issues—under the theory that the Commission does not have the power or jurisdiction to consider those aspects of the public's interest. I see no statutory basis to prohibit the Commission from considering traffic-related public interest issues pertaining to an injection well permit while allowing the Commission to take into account other public interest issues related to the injection well permit in question.

The Commission is charged with considering applications for permits for certain injection wells and either granting or denying those permits. It is charged with considering the "public interest" in making the decision to either grant or deny the permits. It has both the power and the obligation, as the statute is currently written, to consider all "public interest" considerations that impact an injection well permit application that is before it. What weight the Commission gives to the public interest considerations before it in any given case and the appropriateness of the factual or policy determinations it makes in that process are not questions before the court in this case.

Giving the term "public interest" in section 27.051 a broad reading is not inconsistent with the statutory framework here and does not necessarily lead to absurd results. If the Commission, the industry, or any other interested group believes the term "public interest" in section 27.051(b) should have a more limited scope or that it is a better policy to limit the scope of the Commission's "public interest" inquiry in considering an injection well permit, it seems to me

that there needs to be more of a statutory basis to do so than is presented here. This is the type of issue that needs to be taken up with the legislature.

I concur in the decision to deny the Commission's Motion for Rehearing and Request for Reconsideration En Banc.

_____

G. Alan Waldrop, Justice

Joined by Justices Puryear and Pemberton

Filed:   May 23, 2008